UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| CHRISTOPHER ALSOP, | |
|---|---|
| Plaintiff, | CIVIL ACTION NO. 3:17-cv-02307 |
| v. | (MARIANI, J.)<br>(SAPORITO, M.J.) |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

## MEMORANDUM

This is a prisoner civil rights action. The plaintiff, Christopher Alsop, is a federal inmate incarcerated at FCI Cumberland, located in Allegheny County, Maryland. At the time of filing, however, he was incarcerated at FCI Allenwood Low, located in Union County, Pennsylvania.

I. BACKGROUND

In his fifth amended complaint, the plaintiff has primarily asserted the violation of his First and Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Most of his claims are based on alleged deliberate indifference by the defendants to his serious medical needs. In addition

to these constitutional tort claims against the individual defendants, Alsop has asserted claims against the Federal Bureau of Prisons under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and against the United States itself under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* For relief, he seeks injunctive relief and an award of compensatory and punitive damages.

This motion concerns the plaintiff's FTCA claims only. In this claim, the plaintiff alleges that various of the individual defendants were negligent in treating—or denying or delaying treatment of—his varicose veins. Some of these defendants were medical professionals, others were not. Under the applicable substantive state law, a plaintiff is generally required to file a certificate of merit in support of a complaint asserting professional negligence claims. Here, Alsop has filed no such certificate.

On September 16, 2019, Alsop filed a *pro se* motion for a determination by the Court that a certificate of merit is not necessary in this action, together with a brief in support of his motion. (Doc. 123; Doc. 124.) The defendants have filed a brief in response to the plaintiff's

motion. (Doc. 134.) Alsop has filed a reply brief.[1] (Doc. 141.) The matter is now ripe for decision.

## II. Discussion

The FTCA requires a court to apply the substantive tort laws of the state in which the alleged tort arose. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000). Here, the alleged tort of negligence—whether characterized as professional negligence or ordinary negligence—occurred in Pennsylvania, and therefore Pennsylvania state law applies.

Pennsylvania law requires a plaintiff alleging medical malpractice, or any other form of professional negligence, to file a certificate of merit, which must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards,[2] or

---

[1] Alsop has also filed a document styled "Typo Mistake," in which he sought to amend two passages in the reply brief referring to a "con[c]ussion that last[ed] for about 2 minute[s]" to state that the concussion only "last[ed] for about 20 second[s]." (Doc. 144; *see also* Doc. 141 ¶¶ 37–38.) The reply brief shall be deemed to have been so amended.

[2] If the plaintiff is *pro se*, a copy of the licensed professional's written statement must be attached to the certificate of merit. Pa. R. Civ. P. 1042.3(e).

that expert testimony of an appropriate licensed professional is unnecessary. Pa. R. Civ. P. 1042.3(a)(1) & (3). This requirement is a substantive rule and applies even where, as here, the claim is brought in federal court. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264–65 (3d Cir. 2011). Ignorance of the rule does not excuse failure to comply, even for a *pro se* plaintiff. *See Hoover v. Davila*, 862 A.2d 591, 594 (Pa. Super. Ct. 2004).

Under Rule 1042.3, a plaintiff asserting a professional negligence claim must file a certificate of merit within sixty days after the filing of a complaint. Pa. R. Civ. P. 1042.3(a). This sixty-day time period may be extended by the court for successive periods of up to sixty days each, with no limit on the number of sixty-day extensions that the court might grant. Pa. R. Civ. P. 1042.3(d) & note. Such a motion to extend is timely if it is filed within thirty days after the defendant files a notice of intention to enter judgment non pros or before the expiration of any extension of time previously granted by the court, whichever is later. Pa. R. Civ. P. 1042.3(d).

Under Rules 1042.6 and 1042.7, a defendant to a professional negligence claim may seek to have the complaint dismissed if the plaintiff

has failed to file the requisite certificate of merit. In Pennsylvania state court, this is a two-step procedure. First, the defendant may file a written notice of intention to enter judgment non pros, but no sooner than the thirty-first day after the filing of the complaint. Pa. R. Civ. P. 1042.6(a). Then, no less than thirty days after filing the notice of intention, the defendant may file a praecipe for entry of judgment non pros. Pa. R. Civ. P. 1042.7(a). In the interim, the plaintiff may file a motion to extend the time to file a certificate of merit or a motion for a determination that a certificate of merit is not necessary. Pa. R. Civ. P. 1042.3(d); Pa. R. Civ. P. 1042.6(c).[3] If no certificate of merit has been filed at the time of the defendant's praecipe, and there is no pending timely motion to extend or a motion for a determination that a certificate of merit is unnecessary, the prothonotary must enter judgment non pros against the plaintiff. Pa. R. Civ. P. 1042.7(a).

In the federal system, applying Pennsylvania law, the procedure is

---

[3] Rule 1042.6(c) permits a plaintiff to file a motion for a determination that a certificate of merit is not necessary at any time prior to entry of judgment non pros. Pa. R. Civ. P. 1042.6(c) & note. If the court determines that a certificate of merit is required, the plaintiff is required to file a certificate of merit within twenty days of the court order. Pa. R. Civ. P. 1042.6(c).

necessarily different as "there is no procedural mechanism for a defendant to ask the clerk to dismiss a claim. Rather, failure to submit the certificate is a possible ground for dismissal by the district court, when properly presented to the court in a motion to dismiss." *Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007); *see also Keel-Johnson v. Amsbaugh*, No. 1:07-CV-200, 2009 WL 648970, at *3 & n.2 (M.D. Pa. Mar. 10, 2009). Ordinarily, dismissal for failure to file a certificate of merit is without prejudice. *See Donelly v. O'Malley & Langan, PC*, 370 Fed. App'x 347, 350 (3d Cir. 2010) (per curiam); *Booker v. United States*, 366 Fed. App'x 425, 427 (3d Cir. 2010). *But see Slewion v. Weinstein*, No. 12-3266, 2013 WL 979432, at *1 (3d Cir. Mar. 14, 2013) (per curiam) (dismissal with prejudice appropriate where statute of limitations has run and amendment would be futile).

In this case, the defendants have not yet moved to dismiss the complaint, nor have they filed a notice of intent to seek judgment non pros. In anticipation of such a motion, however, the plaintiff has moved pursuant to Rule 1042.6(c) for a determination by the Court whether a certificate of merit is necessary. Alsop contends that his FTCA claim sounds in ordinary negligence, rather than professional negligence, and

thus a certificate of merit should not be necessary. The defendants, for their part, argue that the plaintiff's FTCA claim turns on "questions involving medical judgment," and therefore it is a professional negligence claim for which expert testimony will be required for the plaintiff to establish the relevant professional standard of care and breach of that standard.

Here, the plaintiff has identified several individual defendants upon whose conduct his FTCA claim against the United States is based. Three of these defendants—D.K. White (the prison's warden), James Potope (the prison's health services administrator), and Bret Brosious (the prison's assistant health services administrator)—are not licensed medical professionals, but non-medical prison administrators who are not subject to the certificate of merit requirements nor subject to a heightened professional standard of care. *See Cornish v. City of Philadelphia*, Civil Action No. 14-6920, 2016 WL 233691, at *5 & n.9 (E.D. Pa. Jan. 19, 2016). A certificate of merit is not required with respect to these three non-medical defendants, against whom Alsop's claims do indeed appear to sound in ordinary negligence.

The remaining defendants named in Alsop's FTCA claim—

Catherine Gore (a family nurse practitioner), John Stoltz (a physician assistant), Dr. Elizabete Santos-Stahl (a physician and the prison's clinical director), Dr. Michael D. Carvajal (a physician and regional director for the BOP), and Dr. John Manenti (a physician and regional director for the BOP)—are licensed medical providers. With respect to these medical defendants, the plaintiff has clearly failed to comply with the requirements of Rule 1042.3(a)(1). He has failed to file a certificate of merit with an attached copy of a licensed medical professional's written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards. *See* Pa. R. Civ. P. 1042.3(a)(1) & (e).

A *pro se* plaintiff's failure to meet the technical requirements of Rule 1042.3 may be excused by the court where the plaintiff has made a substantial effort to comply with the rule or provided a reasonable excuse for failing to do so. *See Booker*, 366 Fed. App'x at 427–29; *Ramos v. Quien*, 631 F. Supp. 2d 601, 611–12 (E.D. Pa. 2008). "The purpose of the required certificate of merit is to 'assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." *Green v. Fisher*, No. 1:CV-12-00982, 2014 WL 65763, at *12

(M.D. Pa. Jan. 8, 2014) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000)). The plaintiff's failure to obtain a written statement from any medical professional underscores the lack of expert support for his medical negligence claim against these defendants.

But the Court has an obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013). Here, the plaintiff's motion contains a clear and unambiguous written statement, signed by Alsop, that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." (Doc. 123 ¶ C.) *See* Pa. R. Civ. P. 1042.3(a)(3). Although not set out in a separate document labeled "certificate of merit," this statement substantially satisfies the requirements of Rule 1042.3(a)(3). In view of Alsop's status as a *pro se* prisoner litigant, we construe this as a Rule 1042.3(a)(3) certificate of merit.

Whether the plaintiff's FTCA claim requires expert testimony to establish malpractice is a matter for another day. A district court is not free to reject the plaintiff's reliance on Rule 1042.3(a)(3) and dismiss a

complaint for failure to file a certificate of merit under Rule 1042.3(a)(1). *Liggon-Redding*, 659 F.3d at 265 & n.5; *see also Scales v. Witherite*, No. 3:10-CV-0333, 2011 WL 5239142, at *2 (M.D. Pa. Nov. 1, 2011) ("[A] filing that a litigant intends to proceed without an expert, even in a case where the Court believes an expert will be necessary, will satisfy Pennsylvania's certificate of merit requirement."). In such a case, the plaintiff will be barred from offering expert testimony later in the litigation, absent exceptional circumstances, and the consequence of the plaintiff's decision to forego a Rule 1042.3(a)(1) certification should be dealt with on summary judgment or at trial. *Liggon-Redding*, 659 F.3d at 265. *See generally Redding v. Estate of Sugarman*, 535 Fed. App'x 99 (3d Cir. 2013) (affirming summary judgment against plaintiff who failed to proffer expert testimony to establish relevant professional standards and breach thereof).

### III. CONCLUSION

Under the facts presented, this *pro se* prisoner-plaintiff's written and signed statement contained within the instant motion (Doc. 123 ¶ C) satisfies the requirements of Rule 1042.3(a)(3). Whether the plaintiff's reliance on a Rule 1042.3(a)(3) certificate of merit is appropriate on the

facts alleged is not before the Court at this time.

Accordingly, the plaintiff having substantially complied with the requirements of Rule 1042.3(a)(3), his *pro se* motion for a determination as to the necessity of a certificate of merit (Doc. 123) will be denied as moot.

An appropriate order follows.

Dated: November 14, 2019

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge